UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| SONJIA STOTLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:14CV124 SNLJ |
| SAM'S EAST, INC., | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Sam's East, Inc.'s Motion for Summary Judgment (#22). The matter has been fully briefed and is now ripe for disposition.

I.  **Background**

The following facts are undisputed except where noted. Plaintiff Sonjia Stotler alleges she was an invitee at Sam's Club store in Cape Girardeau, Missouri on January 16, 2013. She was interested in purchasing a piece of exercise equipment, an "Ab Glider Pro" machine, that Sam's Club had on display. An unknown Sam's Club employee assembled the machine. Plaintiff alleges that the exercise machine allows the user to perform vertical "crunches" or lateral "side-to-side" movements, but not at the same time. Plaintiff alleges she was injured when she used the display product because the product did not have a "pin" in place that locks the machine into one type of movement or the other. Specifically, plaintiff contends she suffered injury to her cervical spine and that she will have to undergo cervical fusion surgery to correct the problem.

Despite her injury, plaintiff ordered that same machine online from Wal-Mart on the very day of her injury. But when her husband assembled the machine at home, she realized that the pin had been missing from the Sam's Club display model. Plainitff used the machine three times at her home since she bought it.

Plaintiff identified the owner's manual for the Ab Glider Pro at her deposition. That manual states:

> **HOW TO USE THE ABDOMINAL EXERCISER**
>
> The abdominal exerciser can be used with the pivot frame locked or unlocked (see HOW TO LOCK THE PIVOT FRAME on page 12). In addition, the abdominal exerciser can be used with the knee pad locked or unlocked (see HOW TO LOCK THE KNEE PAD on page 12).
>
> **With the pivot frame and the knee pad unlocked**, the pivot frame can swivel from side to side and the knee pad can move forward and backward. To exercise, use your core muscles to swivel the pivot frame from side to side and/or to move the knee pad forward and backward.
>
> **With the pivot frame locked and the knee pad unlocked**, the pivot frame will not swivel from side to side, but the knee pad will move forward and backward. To exercise, use your core muscles to move the knee pad forward and backward.
>
> **With the pivot frame unlocked and the knee pad locked**, the pivot frame can swivel from side to side, but the knee pad will not move forward and backward. To exercise, use your core muscles to swivel the pivot frame from side to side.

(Emphasis in original.)

Plaintiff has offered no expert testimony at the summary judgment stage. Defendant has offered the testimony of its expert, Dr. David Raskas. Dr. Raskas states in his report as follows:

> With regard to the causation of Ms. Stotler's current complaints I think it is certainly partly related to the degenerative process in her cervical spine and

partially related to an acute disc herniation associated with a strain that occurred on while she was on this piece of exercise equipment. I think given the nature of the strain that this would have happened irrespective of how the exercises were done. I think this disc herniation was something that was bound to occur irrespective of whether she used this piece of equipment or she used some other piece of equipment in the near future.

Plaintiff filed this lawsuit against Sam's East, Inc., which owns and operates the Sam's Club store identified in the complaint. She brings two counts against defendant: Count I --- negligence, and Count II --- premises liability. Defendant has moved for summary judgment.

## II. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d

3

844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III. Discussion

Each of plaintiff's two counts will be discussed in turn.

### A. Count I: Negligence

To prevail on her negligence claim, plaintiff must show (1) the existence of a duty on the part of the defendant to protect plaintiff from injury, (2) failure of defendant to perform that duty, and (3) plaintiff's injury was proximately caused by defendant's failure. *Seitz v. Lemay Bank and Trust*, 959 S.W.2d 458, 463 (Mo. banc 1998). Plaintiff claims that defendant failed to properly assemble the display model Ab Glider Pro, and that such failure caused her injury. Plaintiff asserts, specifically, that the absence of the "pin" in the machine caused it to move both up and down and side-to-side, causing her injury. Plaintiff claims that defendant should have known this --- that had defendant "exercised ordinary care, it would have realized the locking pin had not been properly inserted." (#28 at 4.) However, the machine was designed to operate both with and without the pin. The manual itself states "[w]ith the pivot frame and the knee pad unlocked, the pivot frame can swivel from side to side and the knee pad can move forward and backward." Thus, according to the manual, the pin did not need to be inserted at all. Because plaintiff appears to contend only that defendant failed to insert the pin into the machine, and the pin did not need to be inserted, plaintiff cannot show

that defendant breached any duty. Plaintiff can therefore not maintain her negligence claim against defendant.[1]

Even if plaintiff had been able to support her allegation that defendant had breached some duty, defendant contends that she has not supported the causation element of her claim. Plaintiff states that it is enough that defendant's expert admits that her injury is "partially related to…a strain that occurred on" the Ab Glider Pro. But defendant's expert's bottom line was that her "disc herniation was something that was bound to occur irrespective of whether she used this piece of equipment or she used some other piece of equipment in the near future." Plaintiff also states that she will testify to causation and that she will call her treating neurosurgeon to testify as to causation. She neglects, however, to include any report or statement from her neurosurgeon, and her own testimony is not sufficient evidence as to causation under Missouri law. *See Turner v. Iowa Fire Equipment Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000) (citing *Soper v. Bopp*, 990 S.W.2d 147, 157 (Mo. App. S.D. 1999)).

Because plaintiff can show neither breach of a duty nor causation to support her negligence claim against defendant, summary judgment will be granted to defendant on Count I.

B.  **Count II: Premises Liability**

To prevail on her premises liability claim, plaintiff must show that (1) a dangerous condition existed in defendant's premises which involved an unreasonable risk, (2) defendant knew or by using ordinary caution should have known of the condition, and (3) plaintiff was injured as a result of the dangerous condition. *Roberson v. AFC Enterprises, Inc.*, 602 F.3d 931, 934 (8th Cir. 2010). Here again, defendant contends that

---

[1] Plaintiff does not allege a claim for design defect.

plaintiff cannot show that defendant could have known of any dangerous condition posed to plaintiff by the Ab Glider Pro display.  Plaintiff claims only that the "pin" was missing from the machine, but, as explained above, the machine's manual is clear that the machine is designed to work without the pin.  Thus, plaintiff cannot show either a dangerous condition or that defendant knew of or shown have known of it.  Defendant will be granted summary judgment on Count II.

**IV.    Conclusion**

Because no genuine issue of fact exists for trial, defendant's summary judgment motion will be granted.  Judgment will be entered for defendant separately.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#22) is **GRANTED**.

Dated this    21st    day of September, 2015

                                                                STEPHEN N. LIMBAUGH, JR.
                                                                UNITED STATES DISTRICT JUDGE